## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KELLY A. DOLCEAMORE, Administratrix ad Prosequendum of the Estate of Stephen A. Dolceamore, as beneficiary of the Estate and on her own behalf; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF TRENTON; *et al.*, <br><br> Defendants. | Civil Action No. 22-1142 (RLS) <br><br><br> **ORDER GRANTING CONSENT MOTION TO SEAL** |

**THIS MATTER** having come before the Court upon the parties' March 21, 2023, joint application pursuant to Local Civil Rule 5.3(c) for the entry of an Order sealing the petition to approve settlement involving minors' interest and for allocation of counsel fees and costs, (Dkt. No. 38); and the Court recognizing that the settlement contains sensitive, personal, and confidential matters relating to minor children; and the Court having considered the submission of the parties without oral argument pursuant to Local Civil Rule 78.1(b); and for good cause shown, the Court makes the following findings and conclusions:

### FINDINGS OF FACT

1. This action arises out of allegations of wrongful death of the decedent, Stephen A. Dolceamore ("Decedent"), brought by Plaintiff Kelly A. Dolceamore ("Plaintiff Dolceamore") on her own behalf and as beneficiary of the Estate of Stephen A. Dolceamore (the "Estate"), and Plaintiff Jeanne Lee ("Plaintiff Lee") as the Court appointed guardian of the minor daughters of Plaintiff Dolceamore and Descendants, infant 1 and infant 2 (the "Descendants"), as beneficiaries of the Estate (collectively, "Plaintiffs") against

1

Defendants City of Trenton, City of Trenton Police Department, Police Director Sheilah Coley, Anthony Manzo, Officer Joseph McCarthy, Officer Robert J. Furman III, Officer Vishan Singh, and John and/or Jane Does 1-10.

2. As the Descendants in this matter are minors, the Court recognizes the need to protect their privacy, and such need outweighs the public's interest in having matters filed publicly.

3. The Descendants have a legitimate privacy interest in preventing unrestricted public access to the private information in the forthcoming petition to approve settlement, which could divulge their identities and settlement details.

4. Without sealing the forthcoming petition and proposed settlement agreement, the Descendants' private information could be obtained by third-parties who are unrelated to this litigation and not entitled to access such information.

5. As such, there is a clearly defined injury that will result without the entry of an Order sealing the petition to approve settlement. Other than sealing the petition, no less restrictive alternative is available and could be as effective to ensure the confidentiality of the Descendants' personal information.

## CONCLUSIONS OF LAW

1. The Court finds that Plaintiffs have a legitimate interest in sealing the petition to approve settlement and that a clearly defined and serious injury will result if the petition is not filed under seal.

2. The Court finds there is no less restrictive alternative to protect the minor Descendants' interests.

3. The Court finds that, pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and Local Civil Rule 5.3, good cause exists for the sealing of the forthcoming petition to approve settlement.

**THEREFORE**, **IT IS** on this **27th** day of **March 2023**, hereby

**ORDERED** that the parties' consent application to seal the forthcoming petition to approve settlement is hereby **GRANTED**; and it is further

**ORDERED** that the parties shall file the petition to approve settlement under **SEAL**; and it is further

**ORDERED** that the Clerk of Court is directed to **TERMINATE** the Motion at Docket Entry No. 38.

**SO ORDERED**.

        s\Rukhsanah L. Singh
        **RUKHSANAH L. SINGH**
        UNITED STATES MAGISTRATE JUDGE