UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KELLY A. DOLCEAMORE, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF TRENTON, et al.,<br><br>　　　　　　Defendants. | Civil Action No. 22-1142 (RLS) |

## JUDGMENT ORDER APPROVING SETTLEMENT INCLUDING ALLOCATION AND APPROVAL OF MINORS' INTEREST IN THE SETTLEMENT AND DIRECTING THE DEPOSIT OF FUNDS FOR THE BENEFIT OF THE MINORS AND APPROVING ATTORNEYS' FEES AND COSTS

THIS MATTER having come before the Court in accordance with Local Civil Rule 83.3 and New Jersey Court Rule 4:44-3 on April 26, 2023, and Joseph P. Grimes, Esq. appearing as attorney for Plaintiffs, and Marco DiStefano, Esq., appearing as attorney for Defendants;

AND the attorneys for each of the parties having reported to the Court that they have arrived at a settlement of the claims between Plaintiffs and Defendants, including settlement of the claims involving minor plaintiffs, Infant 1 and Infant 2;

AND the Court having reviewed the Petition to Approve Settlement (Dkt. No. 42), including the minors' interests therein;

AND the Court having conducted a hearing on the record on April 26, 2023, during which the Court took proofs and heard testimony concerning the amount of the settlement, the proposed allocation of the settlement pursuant to the Pennsylvania Intestacy statute governing intestate distribution, which provides for the allocation ████████████████ of the net proceeds to the

1

Plaintiff, Kelly A. Dolceamore, and the equal distribution of the net remainder between the surviving minors, Infant 1 and Infant 2;

AND Plaintiff, Kelly A. Dolceamore, as Administratrix of the Estate of Stephen A. Dolceamore, and in her own right as lawful spouse of the decedent, Stephen A. Dolceamore, supports this distribution;

AND Co-Plaintiff, Jeanne Lee, Guardian of the minor children of decedent, Stephen A. Dolceamore, supports this distribution;

AND the Court finding that the Guardian of the surviving minors sufficiently understand the terms of the settlement and consent to its terms;

AND the Court having found that the terms of the settlement constitute a full and final release of all future obligations on the part of Defendants that may arise out of the events giving rise to the instant action;

AND the Court having found that the settlement is in the best interests of the surviving minors;

AND the Court having found that the proposed allocation of attorneys' fees is in compliance with the requirements of Local Civil Rule 83.3 and New Jersey Court Rule 1:21-7;

**IT IS, THEREFORE,** on this 26th day of April 2023, **ORDERED** as follows:

1. The settlement in this matter of all claims as to all parties for the sum of ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ is hereby approved as fair, reasonable, and adequate under the circumstances of the case. The Court finds that the allocation of the settlement pursuant to intestacy laws of the Commonwealth of Pennsylvania, where all

2

Plaintiffs are citizens, is fair, reasonable, and adequate under the circumstances of the case. The Court further finds that the attorneys fees and costs are fair, reasonable, and in compliance with New Jersey Court Rules, and therefore approves payment to counsel accordingly.

2. Plaintiffs and Defendants are hereby authorized to enter into the settlement and execute a release of all claims as to all parties and to file a dismissal of this action with prejudice upon distribution of the Settlement Sum to Joseph P. Grimes, Esq. as co-attorney for Plaintiffs.

3. Joseph P. Grimes, Esq., is authorized to make distribution of the Settlement Sum, subject to the restrictions set forth below in paragraph 4, regarding the minor's distributive shares, as follows:

|    | Payee | Description | Amount |
|----|-------|-------------|--------|
| A. | Kelly A. Dolceamore | Spouse's beneficiary share | ███ |
| B. | Infant 1 (age 5) | Minor's beneficiary share | ███ |
| C. | Infant 2 (age 3) | Minor's beneficiary share | ███ |
| D. | Jeanne Lee | Funeral expenses | ███ |
| E. | Louis W. Martini, Esq. | Co-Attorneys' fees | ███ |
| F. | Joseph P. Grimes, Esq. | Litigation Costs | ███ |
| G. | Joseph P. Grimes, Esq. | Co-Attorneys' fees | ███ |
|    |       | Total Disbursements | ███ |

4. Co-Petitioner, Jeanne Lee and her husband, Robert Wilkinson, the court-appointed guardians of the minors, Infant 1 and Infant 2, are hereby appointed Trustees of the minors' funds distributed pursuant to this Order. As Trustees, they shall deposit into federally insured accounts in a federal banking institution in the name of each Infant, in the Infant's name, which account shall be marked not to be distributed until that Infant's eighteenth birthday, or until further order of the Court of Common Pleas of Delaware County.

5. Counsel for the Trustees and Petitioners shall file an Affidavit of Compliance within forty-five (45) days of the date of this Order certifying compliance with this Order.

3

6. The Clerk of the Court is directed to TERMINATE the motion pending at Docket Entry No. 42.

**SO ORDERED.**

RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE